IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01066-BNB

MOHAMMED SALEH,

    Applicant,

v.

BLAKE DAVIS, Warden of USP - Max, Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 9 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant, Mohammed Saleh, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Saleh filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his criminal conviction and sentence in the United States District Court for the Southern District of New York (Southern District of New York). He paid the $5.00 filing fee.

On June 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Saleh to show cause within thirty days why the habeas corpus application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On July 2, 2010, Mr. Saleh submitted his response to the June 8 order to show cause.

The Court must construe Mr. Saleh's filings liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

It is clear from the habeas corpus application that Mr. Saleh is attacking his federal conviction and sentence. Mr. Saleh asserts three claims that: (1) he never was charged with treason and is innocent of such a charge, (2) his Fifth Amendment rights were violated because the sentencing court did not provide him with an opportunity to challenge his sentence, and (3) his Eighth Amendment rights were violated because he was sentenced at least fifteen years above the statutory maximum and is a first-time offender. It also is clear from his response to the June 8 show-cause order that Mr. Saleh is attacking his federal conviction and sentence.

According to www.pacer.psc.uscourts.gov, Mr. Saleh was convicted on charges of seditious conspiracy, bombing conspiracy, and attempted bombing in the Southern District of New York Criminal Action No. 93-cr-00181-WHP-8. He was sentenced to consecutive sentences totaling 420 months, followed by 3 years of supervised release. Judgment was entered on the docket on January 17, 1996. Mr. Saleh appealed from his conviction and sentence to the United States Court of Appeals for the Second Circuit, which on August 16, 1999, affirmed his conviction and sentence. *See United States v. Rahman*, 189 F.3d 88 (2d Cir. 1999). Mr. Saleh filed a motion pursuant to 28 U.S.C. § 2255, which the sentencing court denied on October 22, 2003. On July 8,

2

2004, the Second Circuit dismissed his appeal from the denial of his § 2255 motion. On June 22, 2009, the sentencing court denied his motion to reduce sentence pursuant to 18 U.S.C. § 3582.

The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C.
§ 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Mr. Saleh fails to demonstrate that the remedy available to him pursuant to § 2255 is inadequate or ineffective. The fact that Mr. Saleh has sought and been denied

relief pursuant to § 2255 does not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, the fact that Mr. Saleh likely is barred from raising his claims in a second or successive motion pursuant to § 2255, by itself, also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1179. Therefore, the habeas corpus application will be denied and this action dismissed because Mr. Saleh has an adequate and effective remedy pursuant to § 2255 in the sentencing court. Accordingly, it is

ORDERED that the habeas corpus application pursuant to 28 U.S.C. § 2241 filed by Applicant, Mohammed Saleh, is denied and the action dismissed because Applicant has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court, the United States District Court for the Southern District of New York.

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01066-BNB

Mohammed Saleh
Reg No. 34853-054
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/9/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk